United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHOLICK ESTATE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-29 |
| | § | |
| SLUM LANDLORDS, et al., | § | |
|     Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 2, 2021, Plaintiff Cholick Estates – via pro se plaintiff Sylvia Cholick – filed a complaint against "Slum Landlords," and "Illegal Slum Landlords" at three addresses in Harlingen, Texas, as well as Cameron County Constable Precinct 5 Eddie Solis. Dkt. No. 1. Cholick's complaint centers around her eviction from her apartment. Id.

Cholick did not prepay the filing fee or move to proceed in forma pauperis. On March 4, 2021, the Court ordered Cholick to either pay the filing fee or file a motion to proceed in forma pauperis. Dkt. No. 2. The Court gave Cholick until March 31, 2021, to correct this deficiency. Id. Cholick was warned that "[f]ailure to comply with this requirement may result in the complaint being dismissed without prejudice for want of prosecution." Id.

The order was sent to Cholick's last known address. The certified mail receipt indicated that it was signed for and the mail has not been returned to the Court as undeliverable. Dkt. No. 6. The signed certified mail receipt was filed with the clerk's office on March 8, 2018. Id. Thus, more than a month after the deadline expired, Cholick has neither paid the filing fee nor moved to proceed in forma pauperis.

**I. Applicable Law**

    **A. Want of Prosecution**

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Generally, such dismissals are without prejudice. A case may be

dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## II. Analysis

Cholick's failure to respond to the Court's court order instructing her to pay the filing fee or submit the documentation and application to proceed in forma pauperis warrants dismissal of her claims without prejudice. Caton v. Dretke, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Cholick claims she was evicted at some point between September 22, 2020 and December 31, 2020. Dkt. No. 1, p. 1. She claims her eviction was based on a discriminatory housing practice. Id., p. 2. The statute of limitations for a civil suit based on discriminatory housing practices is two years. 42 U.S.C. § 3613(a)(1)(A). Accordingly, the statute of limitations will not expire until September 22, 2022, at the earliest. Cholick would be able to refile her complaint before that date without running afoul of the statute of limitations.

## III. Recommendation

The Court recommends that the complaint filed by Cholick Estates, Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on May 13, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge